DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| INGELA SOLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| SOLITUDE RIDGE JUDGMENT LLC, ) | |
| ) | |
| Intervenor, ) | Civil Action Nos. 1991-212 and |
| ) | 1995-84 (Consolidated Cases) |
| v. ) | |
| ) | |
| JOHN WARLICK, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Samuel T. Grey, Esq.,**
St. Croix, U.S.V.I.
    *For Intervenor Solitude Ridge Judgment, LLC*

**Diane T Warlick, Esq.,**
East Berlin, PA
    *For Defendant John Warlick*

## MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR RELEASE OF FUNDS

THIS MATTER comes before the Court on Intervenor Solitude Ridge Judgment, LLC's Petition For Release of Funds, filed on June 21, 2011. (Civ. Action No. 1995-84, Dkt. No. 235).

Intervenor Solitude Ridge Judgment, LLC ("Solitude") is the assignee of a debt and foreclosure judgment against Defendant John Warlick, issued by the Court on December 4, 1997. (*See* Amended Judgment of Debt and Foreclosure, Civ. Action No. 1991-212, Dkt. No. 231). The foreclosed property (hereinafter, "the Coakley Bay Property") is described as:

>Matricular Plot No. 16BA, (comprising 26.775 U.S. acres, more or less) of Estate Coakley Bay, East End, Quarter B, St. Croix, U.S. Virgin Islands as more particularly shown on O.L.G. Dwg. No. 4361, dated January 12, 1987.

*Id*.

On October 1, 2007, in compliance with the December 4, 1997 Judgment, the United States Marshal sold the foreclosed property at a public auction. (*See* Civ. Action No. 1991-212, Dkt. No. 266). Solitude purchased the Coakley Bay Property by credit bid for $200,000. *Id.* The Court entered an order confirming the sale on October 31, 2007. *Id.*

On April 29, 2008, Cruzan Terraces, Inc., the assignee of Defendant Warlick's right of redemption, redeemed the Coakley Bay Property by paying $215,000 to the United States Marshal. (Civ. Action No. 2008-64, Dkt. No. 8).[1] Those redemption funds were deposited with the Court. On October 29, 2008, Cruzan Terraces, Inc., and the United States, acting on behalf of the U.S. Marshal, filed a stipulation stating that $211,900.75 was the amount required for Cruzan Terraces, Inc., to redeem the Coakley Bay Property from Solitude. (Civ. Action No. 2008-64, Dkt. No. 12). The stipulation also requested that the Court order that the excess funds ($3,099.25) be returned to Cruzan Terraces, Inc. *Id*. Based on that stipulation, the Court ordered that $3,099.25 be released to Cruzan Terraces, Inc. (Civ. Action No. 2008-64, Dkt. No. 16; *see also* Civ. Action No. 1995-84, Dkt. Nos. 218 and 219). According to the Clerk of the Court,

---

[1] In its petition, Solitude asserts that "to date, the Motion for Issuance of a Certificate of Redemption has been denied by the Court." (Petition for Release of Funds at 2). This is not accurate. On August 12, 2008, this Court ordered that the United Marshal release a Certificate of Redemption to Cruzan Terraces, Inc. (Civ. Action No. 2008-64, Dkt. No. 6).

2

$3,099.25 was released to Cruzan Terraces, Inc., on March 4, 2010, and $211,900.75 still remains on deposit with the Court.[2]

By this motion, Solitude requests an order releasing to it "all of the funds being held by the Marshal's Office in excess of the amount disbursed pursuant to Docket Entry 219." (*See* Solitude's Br. at 3). "Docket Entry 219" was an order by this Court granting a motion on behalf of Cruzan Terraces, Inc., (*see* Civ. Action No. 1995-84, Dkt. No. 217) for the release of $3,099.25, which represented the portion of the $215,000 paid by Cruzan Terraces, Inc., in excess of that required to redeem the Coakley Bay Property. Thus, Solitude appears to be asking for $211,900.75, although in its proposed order, Solitude mistakenly seeks only $208,800.92. Because Cruzan Terraces, Inc., and the United States have already stipulated that $211,900.75 was the amount required to redeem the property, the Court finds that $211,900.75 is the amount due to Solitude from Cruzan Terraces, Inc.'s redemption of the Coakley Bay Property.

Defendant Warlick opposes Solitude's motion primarily on the grounds that Solitude has already received the redemption funds.[3] However, Defendant Warlick offers no evidence to support this contention and the Clerk of the Court confirms that the Court has not released the

---

[2] In its Petition, Solitude states that "the U.S. Marshal Service of the Virgin Islands . . . currently has in its possession funds representing the excess of the amount owed for redemption." This is incorrect. As noted above, the Court ordered the release of those funds ($3,099.25) on March 4, 2010. (Civ. Action No. 2008-64, Dkt. No. 16). For reasons currently unknown, although initially ordered to be released in July 2009, the excess funds were not disbursed until a subsequent Court order on March 4, 2010.

[3] Defendant Warlick also opposes the motion on the grounds that the funds sought by Solitude through the instant motion are part of Solitude's allegedly improper effort to obtain a deficiency judgment against him. As noted above, however, the funds sought by Solitude are monies paid by Cruzan Terraces, Inc. to redeem the Coakley Bay Property from Solitude and are not related to Solitude's efforts to obtain a deficiency judgment against Defendant Warlick.

$211,900.75. [4]  Because the property was redeemed from Solitude, it is entitled to the redemption funds.  *See* 5 V.I.C. § 498 ("The marshal shall immediately pay the money over to the person from whom the property is redeemed, if he attends at the redemption, or if not, at any time thereafter when demanded.").  Accordingly, the Court will grant Solitude's motion for the release of funds.

**UPON CONSIDERATION** of the Petition For Release of Funds, the entire record herein, and the Court being satisfied in the premises, it is hereby

**ORDERED** that Solitude Ridge Judgment, LLC's Petition For Release of Funds is **GRANTED**; and it further

**ORDERED** that funds in the amount of $211,900.75, representing the amount due to Solitude Ridge Judgment, LLC, for the redemption of the property described above, shall be released by the Clerk of the Court to Solitude Ridge Judgment, LLC, through its counsel of record, Samuel Grey, Esq.

**SO ORDERED.**

Date: December 21, 2011                                    _____/s/_____
                                                                                WILMA A. LEWIS
                                                                                District Judge

---

[4] In its August 17, 2011 Order, this Court erroneously stated that Solitude had received these funds. (*See* Civ. Action No. 1995-84, Doc. 242).