## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| INGELA SOLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| SOLITUDE RIDGE JUDGMENT LLC, | ) | |
| | ) | |
| Intervenor, | ) | Civil Action No. 1991-0212 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WARLICK, | ) | |
| | ) | |
| Defendant/Counterclaimant | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALOY NEILSON, and | ) | |
| HONO GORDA, INC., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |
| | ) | |
| DR. PAUL POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1995-0084 |
| | ) | |
| HONO GORDA, INC. and EINAR | ) | |
| HANSEN, Individually and as Agent | ) | |
| of HONO GORDA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Attorneys:**

**Ingela Soly,** *Pro Se*
Ringoes, NJ
   *For Plaintiff (1991-cv-0212)*

**Charles E. Lockwood, Esq.,**
St. Croix, U.S.V.I.
> *For Intervenor Solitude Ridge Judgment, LLC*
> *(1991-cv-0212)*

**Diane T. Warlick, Esq.,**
East Berlin, PA
**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
> *For Defendant, Counterclaimant, Third-Party Plaintiff*
> *John Warlick (1991-cv-0212)*

**Kevin A. Rames, Esq.,**
St. Croix, U.S.V.I.
> *For Third-Party Defendants Aloy Neilson and*
> *Hono Gorda, Inc. (1991-cv-0212)*

**Michael A. Joseph, Esq.,**
St. Croix, U.S.V.I.
> *For Plaintiff Paul Powers (1995-cv-0084)*

**Richard H. Hunter, Esq.,**
St. Croix, U.S.V.I.
**Joshua Evan Tate, Esq.,**
St. Croix, U.S.V.I.
> *For Defendant Einar Hansen (1995-cv-0084)*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion to Alter or Amend Judgment Pursuant to Rule 59(e) FRCP and to Dismiss the Case with Prejudice," filed by Defendant/Counter-Claimant/Third-Party Plaintiff John Warlick ("Warlick") (Dkt. No. 279 in 91-cv-212). Pursuant to this Motion, Warlick asks the Court to alter or amend its Order dated August 17, 2011, in which the Court found that Intervenor, Solitude Ridge Judgment, LLC ("Solitude"), was entitled to a deficiency judgment against Warlick in the amount of $604,181.94 as of August 11, 2011. (Dkt. No. 242 in 95-cv-84). Warlick has also filed a Motion to Quash

2

Writ of Execution and for Discharge of Lien, in which he asks the Court to strike the Praecipe filed by Solitude in November 2012, to quash the writ of execution issued in November 2012, and discharge the liens on the attached properties. (Dkt. No. 285 in 91-212 and Dkt. No. 248 in 95-84). For the reasons that follow, Warlick's Motions will be denied.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

The history of this case, spanning over two decades, was succinctly set forth in the Court's October 1, 2010 Memorandum Opinion and Order and its August 17, 2011 Order. The Court repeats that background here, and adds pertinent details, to set the context for the issue now before the Court.

> This lawsuit began nearly twenty years ago when Ingela Soly sued John Warlick for defaulting on a promissory note and mortgage secured by Plot 16BA of Estate Coakley Bay, St. Croix (the "[P]roperty"). (See Civ. Docket No. 1991-cv-212, Doc. 1). In 1992, Einar Hansson sought to intervene in this case on the grounds that Ingela Soly assigned to him the note and mortgage that were the subject of the suit. (Dkt. 12). His motion to intervene was granted and Hansson was added as a party. (Dkt. 17).

(Dkt. No. 221 in 95-84 at 2).

On December 4, 1997, the Court entered an Amended Judgment of Debt and Foreclosure (the "Amended Judgment") (Dkt. No. 220-2 in 95-84), in which it granted Hansson's motion for judgment of debt and foreclosure against Warlick. The Amended Judgment provided, in part:

> Judgment of debt is hereby entered in favor of Einar Hansson and against John Warlick in the principal amount of $300,000.00 plus interest at the rate of 12% per annum ($98.63 per day), from April 8, 1997 to the date of this judgment in the amount of $23,572.57, less the agreed sum of $541.24 for a total indebtedness as of this date of $323,031.32. As stipulated, the $300,000.00 principal indebtedness shall accrue interest at the rate of 12% per annum until paid in full.

*Id.* In addition to the judgment of debt, the Amended Judgment entered a judgment of foreclosure on the Property and ordered that it be sold at public auction. *Id.*

Subsequently, Solitude became the assignee of Hansson's Amended Judgment of debt and foreclosure and was substituted for Hansson as Intervenor. (Dkt. No. 256 in 91-212). The Property was sold at an October 1, 2007 Marshal's sale. Solitude purchased the property by credit bid for $200,000.00. (Dkt. No. 266 in 91-212).

> Defendant Warlick did not object to the sale. This Court entered an order confirming the sale on October 31, 2007. [Civ. Docket No. 1991-cv-212, Doc. 266]. On April 29, 2008, Cruzan Terraces, Inc., the assignee of Defendant Warlick's right of redemption, redeemed the Coakley Bay Property by paying approximately $215,000 to the United States Marshal. (*See* Civ. Docket No. 1:08-cv-00064, Doc. 6).[1]
>
> On December 10, 2007, Solitude filed a Motion For Order Confirming Sale and Deficiency Judgment. (*See* Civ. Docket No. 1991-cv-212, Doc. 267). That motion indicated that the proceeds of the sale were insufficient to fully satisfy its judgment against Warlick and sought a deficiency judgment for the unpaid balance. For reasons presently unclear to the Court, that motion was terminated on the ECF system without a ruling. On May 1, 2008, Solitude filed its Motion to Correct Order Confirming Sale Dated October 1, 2007 Nunc Pro Tunc, seeking to amend the October 31, 2007 Order Confirming Sale, under Fed. R. Civ. P. 60(a), to include a deficiency judgment against Defendant Warlick for the remaining balance of its judgment. (*See* Civ. Docket 1995-cv-84, Doc. 190)
>
> On May 5, 2008, this Court granted Solitude's Motion to Amend and entered an Amended Order Confirming Sale and Deficiency Judgment, declaring a deficiency judgment against Defendant Warlick in the amount of $494,965.05, which reflected the difference between the sale price of the Coakley Bay Property and the amount of the underlying judgment. (*See* Civ. Docket 1995-cv-84, Doc. 191). Defendant Warlick subsequently sought to vacate that Amended Order on several grounds, including that he had not been properly served with the Motion to Amend, that a Motion to Amend was an improper method of obtaining a deficiency judgment, and that Restatement (Third) of Property (Mortgages) § 8.4 was the proper method of calculating a deficiency judgment.[2] (*See* Civ. Docket 1991-cv-212, Doc. 277). On July 7, 2008, this Court vacated the Amended Order to allow Defendant Warlick to file an opposition to

---

[1] Solitude received $211,900.75 from the redemption of the Coakley Bay Property. (Dkt. No. 242 in 95-84 at 2, n.1).

[2] Restatement (Third) of Property (Mortgages) § 8.4(c) provides: "Any person against whom a [deficiency] is sought may request in the proceeding in which the action for a deficiency is pending a determination of the fair market value of the real estate as of the date of the foreclosure sale." In other words, the Restatement allows a court to calculate a deficiency judgment based on the fair market value of the property at the time of the foreclosure sale rather than the actual sale price of the property.

> Solitude's Motion to Amend. (*See* Civ. Docket 1995-cv-84, Doc. 197). On February 2, 2009, this Court denied Solitude's Motion to Amend on the grounds that Fed. R. Civ. P. 60(a) did not authorize the Court to amend an order confirming sale to enter a deficiency judgment. (*See* Civ. Docket 1991-cv-212, Doc. 278).
>
> On January 14, 2010, Solitude filed a motion, seeking either a "clarification" from the Court that Defendant Warlick still owed it $555,748.53 as of December 18, 2009, or a deficiency judgment in the same amount. (*See* Civ. Docket 1995-cv-84, Doc. 220). On October 1, 2010 this Court issued an Order: 1) finding that the Restatement (Third) of Property (Mortgages) § 8.4 controlled Solitude's request for a deficiency judgment; 2) finding that any deficiency judgment to which Solitude was entitled would be determined by the fair market value of the Coakley Bay Property at the time of the Marshal's sale (and not the actual foreclosure sale price); and 3) ordering that the parties submit evidence to the Court regarding the fair market value of the Coakley Bay Property at the time of the sale. (*See* Civ. Docket 1995-cv-84, Doc. 221).
>
> On October 15, 2010, Solitude filed its Motion for Reconsideration. Defendant responded to that motion on October 21 and 22, 2010, requesting a stay of the Court's October 1, 2010 Order and an entry of satisfaction of judgment. On November 19, 2010, this Court stayed its October 1, 2010 Order pending resolution of Solitude's Motion for Reconsideration and Defendant Warlick's Motion for Entry of Satisfaction of Judgment. (*See* Civ. Docket 1995-cv-194, Doc. 229).

(Dkt. No. 242 in 95-84, at 2-4).

In his Opposition to Solitude's October 15, 2010 Motion for Reconsideration, Warlick argued, *inter alia*: (1) the case was closed by entry of the confirmation of sale on October 31, 2007; no grounds existed to vacate that "final order"; the Court lacked jurisdiction to address Solitude's motion; and the attempt by Solitude to add a deficiency to the confirmation order was a nullity; (2) Virgin Islands law did not permit substantive changes to the confirmation order, as a request for a deficiency judgment had to be sought *before* entry of confirmation; and (3) the Restatement (Third) of Property (Mortgages) § 8.4(c) provided that the fair market value of the property, rather than the foreclosure price, established the amount of a deficiency. (Dkt. No. 225 in 95-84).

On June 27, 2011, the Court ordered the parties to submit briefs addressing whether 5 V.I.C. § 534 was relevant to Solitude's request for a deficiency judgment. (Dkt. No. 236 in 95-

5

84).[3] In his brief responding to the Court Order, Warlick repeated the arguments he made in his opposition to Solitude's Motion for Reconsideration. He added that § 534 did not provide for a separate deficiency proceeding; it was clear that a deficiency must be determined before the sale is confirmed; and, because that did not occur here, any deficiency that Solitude may have been due had been waived. (Dkt. No. 240 in 95-84).

On August 17, 2011, the Court issued the "Order Granting Motion for Reconsideration of Order Dated October 1, 2010." (Dkt. No. 242 in 95-84). In granting Solitude's motion, the Court relied upon both 28 V.I.C. §§ 531 and 534. The Court found that § 531 enabled a mortgagor

> to foreclose on the property *and* obtain a debt judgment on the underlying promissory note against the mortgagee. *See U.S. Dept. of Agric. Rural Hous. v. Phillips*, 2010 WL 1529297, at *4 (D.V.I. 2010) ("In an action for foreclosure in the Virgin Islands, a court is required to address the outstanding debt, if any, in the judgment of foreclosure" (citing 28 V.I.C. § 531).

*Id.* at 5.[4] The Court further found that "[t]his procedure was followed in this case" because "Solitude has both a judgment of foreclosure on the Coakley Bay Property and a debt judgment

---

[3] The relevant section of § 534 provides:

> (c) When the judgment is also against the defendants or any one of them in person, and the proceeds of the sale of the property upon which the lien is foreclosed are not sufficient to satisfy the judgment as to the sum remaining unsatisfied to either, the judgment may be enforced by execution as in ordinary cases.

28 V.I.C. § 534(c)

[4] 28 V.I.C. § 531 provides:

> A lien upon real property, other than that of a judgment, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby, by an action of an equitable nature. In such action, in addition to the judgment of foreclosure and sale, if it appears that a promissory note or other personal obligation for the payment of the debt has been given by the mortgagor or other lien debtor, or by any other person as principal or otherwise, the court shall also adjudge a recovery of the amount of such debt

against Defendant Warlick personally." *Id.* The Court then turned to 28 V.I.C. Section 534 and observed that, when read in conjunction with 28 V.I.C. § 531, Section 534 permitted "a judgment creditor, possessed with a judgment of foreclosure *and* debt, [to] continue to execute on his or her debt judgment when the 'the proceeds of the [foreclosure] sale' are insufficient to 'satisfy the [debt] judgment.'" *Id.* at 6. The Court also found that § 534 provided that a deficiency "is calculated based on the proceeds of the foreclosure sale, not the fair market value of the property," and permitted a judgment creditor to recover the sum remaining unsatisfied (between the proceeds of the sale and the underlying debt judgment) "by execution as in ordinary cases." *Id.* at 6, 8.[5]

The Court determined that § 534 was contrary to the Restatement (Third) of Property (Mortgages) § 8.4 because a deficiency owed by a judgment debtor following a foreclosure sale could not be calculated based on both the "proceeds of the sale," as set forth in § 534, *and* the "fair market value of the real estate as of the date of the foreclosure sale," as provided in Restatement § 8.4. *Id.* at 9. The Court concluded that the holding in its October 1, 2010 Order—that the Restatement applied in this case—was based on its incorrect understanding that there was "no Virgin Island[s] statute or case on point." *Id.* Since there *was* a statute on point that was contrary to the Restatement, the Restatement did not apply. *Id.* (citing, *inter alia*, 1 V.I.C. § 4, providing that the Restatement applies only "in the absence of local laws to the contrary."). The

---

against such person or persons, as the case may be, as in the case of an ordinary judgment for the recovery of money.

[5] In "ordinary" debt cases, "a judgment creditor may execute against property of the judgment debtor until the judgment is completely satisfied. *See, e.g.,* 5 V.I.C. § 480(6) ("When property has been attached, and it is probable that such property will not be sufficient to satisfy the judgment, the execution may be levied on other property of the judgment debtor without delay.")." (Dkt. No. 242 in 95-84 at 8).

7

Court reversed its October 1, 2010 Order that held that Restatement § 8.4 governed the calculation of the deficiency judgment against Warlick.

The Court then took into account the $211,900.75 that Solitude had received from Cruzan Terraces' redemption of the Property, and found that the outstanding judgment against Warlick as of April 29, 2008, the date of redemption, was $485,825.94. The Court calculated the outstanding deficiency judgment as $604,181.94 as of August 11, 2011—which continued to accrue interest at the per diem rate of $98.63 until paid in full. *Id.* at 10.

The Court also denied Warlick's Motion for Entry of Satisfaction of Judgment, rejecting his two arguments—that the October 31, 2007 Order confirming the foreclosure sale was a "final order" that divested the Court of jurisdiction over the case, and that Solitude was required to seek a deficiency judgment prior to confirming the foreclosure sale. *Id.* at 10-14.

On September 14, 2011, Warlick filed the "Motion to Alter or Amend Judgment pursuant to Rule 59(e) FRCP and to Dismiss the Case with Prejudice" that is now before the Court. (Dkt. No. 278 in 91-212). Warlick asks the Court to alter or amend the August 17, 2011 Order under Rule 59(e), because, even though it is not a final judgment or entered separately on the docket, "it appears to dispose of the only remaining undecided issue in this case—the means for determining the amount of a deficiency judgment, if any." (Dkt. No. 279 in 91-212 at 2). He describes Rule 59(e) as the "functional equivalent of a motion for reconsideration" and asserts that "the motion must be granted to prevent manifest injustice, recognizing the due process violations which have only now come to light upon close examination of documents filed by Plaintiff." *Id.*

In his motion, Warlick claims, *inter alia,* that he was never served with the Motion for Leave to Issue Execution, filed on October 17, 2006;[6] his discovery of that fact constituted newly-discovered evidence; and his due process rights were affected, constituting manifest injustice. (Dkt. No. 279 in 91-212).

Solitude responds that, fourteen years after entry of the original Judgment and Order of Foreclosure, five years after it filed its Motion for Leave to Issue Execution, and after "multiple intervening filings focusing on the foreclosure of the property, Warlick now asks the Court to rescind its most recent order on the basis that he was not informed that the property was to be sold at foreclosure sale." (Dkt. No. 243-1 in 95-84 at 3). Solitude emphasizes that Warlick has provided no evidence that his allegations of lack of service are true. It adds that Rule 59 is not a vehicle to raise arguments that should have been made previously on facts that are not new. *Id.* at 4-6.

In his Reply, Warlick reasserts his lack of notice arguments; complains of Plaintiff's "nine year delay" in seeking a writ of execution; and underscores that the appraised value of the property should be considered in the determination of any deficiency. (Dkt. No. 280 in 91-212 at 2-7). He also attaches an affidavit in which he averred that he did not receive a summons and/or writ of execution with respect to the Property at any time in 2007. (Dkt. No. 280-1).

### DISCUSSION

**A. Standard for Rule 59(e)**

Federal Rule of Civil Procedure 59(e) provides:

---

[6] Virgin Islands law provides that if the district court or local court issues a judgment in a person's favor which requires the payment of money or the delivery of real or personal property, that person may have a writ of execution issued for the enforcement of the judgment. *See* 5 V.I.C. § 471 *et seq.* Solitude's Motion for Leave to Issue Execution was granted on October 24, 2006. (Dkt. No. 258 in 91-212).

> Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(e). By his motion, Warlick seeks vacatur of the August 17, 2011 Order in which the Court held that Solitude was entitled to a deficiency judgment based on the difference between the judgment amount and the actual sale price of the property, rather than the difference between the judgment amount and the fair market value of the property.

A Rule 59(e) Motion to Alter or Amend a Judgment is construed as a motion for reconsideration. *Wiest v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013). The purpose of such a motion is

> "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995).

*Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010). Rule 59(e) permits a court to "alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed. 1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). "'Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.'" *Lusick v. City of Phila.*, 2013 WL 1187064, at *1 (E.D. Pa. Mar. 21, 2013) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

### B. Analysis

Warlick seeks reconsideration of the August 17, 2011 Order by arguing that the Motion for Leave to Issue Execution—filed in October 2006 (Dkt. No. 243-2 in 95-cv-84)—was not

10

served on him. He points out that while the certificate of service for the motion indicated that he was served by a process server, no return of service was filed establishing such service, nor did he receive any notice that there would be a hearing on the motion. (Dkt. No. 279 in 91-212 at 2-5). He claims that "[d]ocuments with which Defendant was not served are to him 'newly discovered,'" providing the basis for his Rule 59(e) motion. *Id.* at 2. Warlick asserts that his failure to be served with the writ of execution, as well as inadequate service on him of other documents filed with the Court, constitute a procedural due process violation, as he received no notice before his property rights were "disturbed." *Id.* at 7-8. He also complains about "the lack of notice of the Plaintiff's renewed activities in the case beginning in 2006 after nine years of inaction," such as the foreclosure sale in 2007 and the confirmation of sale in 2008. (Dkt. No. 280 in 91-212 at 2).

The Third Circuit has made clear that "'new evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.,* 602 F.3d 237, 252 (3d Cir. 2010); *see also Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (holding that evidence that is not newly-discovered, as so defined, cannot provide a basis for a successful motion for reconsideration). Absent "unusual circumstances, courts should reject new evidence not presented when the court made its original decision." *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2013 WL 2460345, at *3 (D.N.J. June 6, 2012).

Warlick's arguments relating to lack of notice of events in this case dating back to the years 2006-2008—and specifically that the Motion for Leave to Issue Execution was not served

11

on him—do not constitute "newly discovered evidence" for Rule 59(e) purposes. He has submitted—as an attachment to his *Reply* Brief—an affidavit in which he avers that he never received the motion that precipitated the writ of execution in 2007.[7] He makes this claim five years after the fact; after engaging in substantial litigation involving foreclosure of the property; and in response to a ruling on the deficiency judgment and on Warlick's own Motion for Satisfaction of Judgment.

Indeed, it is clear from the record in this case that Warlick had numerous opportunities to raise his lack of service argument. Specifically, Warlick was aware of the sale and, by May 2008, he was aware of the Order Confirming Sale. In fact, he sought to vacate that Order in 2008—yet without a murmur regarding the lack of service of a motion that had to precede the sale. He was also aware of, and fully participated in, the briefing during 2008-2011 regarding the deficiency judgment—again without any mention of the alleged due process violation of which he now complains that would necessarily have occured prior to any deficiency judgment. It is undeniable that the absence of a return of service of the writ of execution on Warlick was apparent on the docket since November 2006.[8] In other words, these circumstances do not present new facts.

Notwithstanding the numerous opportunities available to Warlick to raise his lack of service argument, he did not do so. Instead, he filed an affidavit in 2011, dredging up alleged facts that had long been available to him in the hope of forestalling or foreclosing execution on the deficiency judgment. Submitting these previously available facts to the Court after an adverse ruling is not grounds for reconsideration. *Howard Hess Dental Labs.,* 602 F.3d at 252; *see also*

---

[7] The record indicates that the Motion for Leave to Issue Writ of Execution was filed in October 2006, and the writ was issued three months later, on January 16, 2007. (Dkt. Nos. 180, 184 in 91-212).

[8] Returns of service on other parties were filed in November 2006. (Dkt. Nos. 259, 260 in 91-212).

*Clark v. Kraft Foods, Inc.*, 2013 WL 2245638, at *3 (E.D. Pa. May 22, 2013) ("[M]uch of the so-called 'new evidence' appears to have been 'available to [the moving party] at the time' of its original . . . motion and is therefore not 'new evidence' for purposes of a motion for reconsideration."). The Court also rejects Warlick's argument that this newly-discovered lack of service was new evidence *to him.* He asks the Court to view this evidence as newly discovered simply because he had previously overlooked it. That is not the standard for newly-discovered evidence on a motion for reconsideration.

Warlick's alleged newly-discovered evidence argument anchors his contention—also made for the first time in his Rule 59(e) Motion—that his due process rights were violated as a result of his lack of notice of the motion for a writ of execution. (Dkt. No. 279 in 91-212 at 2). He asserts that these due process violations, "which have only now come to light upon close examination of documents filed by Plaintiff," constitute the kind of "manifest injustice" that Rule 59(e) is meant to address. *Id.*

While the meaning of "manifest injustice" is not defined in Rule 59, courts have settled upon the following formulation:

> [M]anifest injustice is an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds. A party may only be granted reconsideration based on manifest injustice if *the error is apparent to the point of being indisputable.* In order for a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.

*In re Grasso,* 490 B.R. 500, 527 (Bankr., E.D. Pa. 2013) (citing cases); *see also Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (stating that manifest injustice "'[g]enerally, [ ] means that the Court overlooked some dispositive factual or legal

matter that was presented to it.'") (quoting *In re Rose,* No. 06–1818, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)).

Warlick has not alleged that the Court overlooked any dispositive facts or law in this case that would result in manifest injustice. He cites no error "that is apparent to the point of being indisputable" in the Court's August 17, 2011 Order. *Grasso*, 490 B.R. at 527. Moreover, Warlick's due process claim rings particularly hollow. Warlick's overly general and hyperbolic claim that Solitude "concealed" the foreclosure sale strains credulity, given his numerous filings since 2006 in which he ardently opposed Solitude's request for a deficiency judgment. Even if his allegations were true that he was not served with the Motion for Leave to Issue Execution, substantial litigation in this case followed the issuance of the writ of execution where Warlick could have made a claim that his due process rights were being violated or that the procedure was otherwise unfair. In an analogous context, he availed himself of such an opportunity in 2008 when he successfully argued that he was not served with the Motion to Amend/Correct Order Confirming Sale. The Court granted Warlick's Motion to Vacate the Court's Amended Order Confirming Sale and Deficiency Judgment, and allowed him to respond to Solitude's Motion to Amend/Correct Order Confirming Sale.[9]

Here, too, Warlick had numerous opportunities to raise his due process argument, including in his Motion to Vacate the Court's Amended Order Confirming Sale and Deficiency Judgment. A motion for reconsideration is not the vehicle for setting forth purportedly new arguments "that could have been made prior to the entry of judgment." Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.) (citing cases); *accord Rozell v. Hanjaras*, 2013 WL

---

[9] In effect, this action by the Court should have cured any prejudice that would have befallen Warlick as a result of the alleged lack of notice of the Motion for Leave to Issue Writ of Execution.

1935339, at *1 (M.D. Pa. May 9, 2013).[10] To the extent that Warlick is attempting to take a second bite at the apple by recasting his earlier arguments, or raising arguments that could have been presented before, a motion for reconsideration is unavailing. *See Prusky v. Prudential Ins. Co. of Am.*, 44 F. App'x 545, 548 n.1 (3d Cir. 2002) (explaining that the purpose of a reconsideration motion "is not to allow a party to simply change[ ] theories and [try] again, thus giving them a second bite at the apple.") (quotation omitted); *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.") (internal quotation marks omitted); *Haymond v. Lundy,* 205 F. Supp. 2d 390, 395, 396 (E.D. Pa. 2002) ("Motions for reconsideration are not to be used to reargue or relitigate matters already decided," nor are they intended as an opportunity for the losing party to raise arguments they neglected to include in previous briefs, as "Rule 59(e) motions are aimed at *re* consideration, not initial consideration.") (internal quotation marks omitted).[11]

---

[10] In a similar vein, Warlick argues for the first time in his Rule 59(e) motion that the language of 5 V.I.C. § 488, regarding a five-year limit on execution of judgment liens—which, according to Warlick, contains a "notice requirement" for writs of execution—is applicable here. Warlick was free to raise § 488 to challenge the alleged lack of notice of the writ of execution when the issues of this case were being actively litigated. He did not do so. Raising a new argument in a motion for reconsideration is improper as § 488 does not constitute "an intervening change in controlling law." *Lazaridis,* 591 F.3d at 669.

[11] Warlick also challenges the Court's August 17, 2011 finding that local law, rather than the Restatement, applies to the calculation of the deficiency. Warlick had an opportunity to argue this issue in the Court-ordered briefing on how the deficiency judgment should be calculated (Dkt. No. 236 in 95-85), and did not do so. A motion for reconsideration is not to be used "to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden*, 226 F. Supp. 2d at 606.

Warlick also claims that the Court's April 8, 1997 entry on the docket—"CLOSED Dismissed Settled (JLR) court retains jurisdiction to reopen in 60 days" (Dkt. No. 200 in 91-212; Dkt. No. 101 in 95-84), caused the Court to lose jurisdiction "over the substantive issues concluded by the

In sum, this is not an extraordinary case that warrants the extraordinary remedy of reconsideration. Warlick's Motion "demonstrates his dissatisfaction with the District Court's decision," and a motion for reconsideration "does not provide relief from a judgment for such a reason[.]" *Grossberger v. Ruane,* 491 F. App'x 309, 311 (3d Cir. 2012). He has provided no "new evidence" warranting reconsideration, nor is there "manifest injustice" that requires action by this Court. Accordingly, the Court will deny Warlick's Rule 59(e) motion.

### C. Motion to Quash Writ of Execution and for Discharge of Lien

On January 13, 2013, Warlick filed a "Motion to Quash Writ of Execution and for Discharge of Lien," in which he asked the Court to strike the Praecipe filed by Solitude on November 16, 2012 and to Quash the Writ of Execution issued on November 19, 2012, as well as to discharge the liens on the attached properties. (Dkt. No. 285 in 91-212 and Dkt. No. 248 in 95-84). He argues that Solitude's Praecipe "mischaracterized the Court's August 17, 2011 Order as a 'Judgment' and that no judgment has been entered in this matter upon which execution may issue, and therefore the writ must be quashed." *Id.* He also contends that his filing of a Rule 59(e) Motion "affect[s] the finality of the judgment" because it "seeks to alter the judgment or reverse decisions embodied in it." *Id.* at 3. In his Reply, Warlick commits an "about face" and withdraws his argument that the August 2011 Order is not a final judgment. He thus rests his Motion to Quash on his alternate argument that the Rule 59(e) Motion "suspended the finality of [that] judgment until a decision is entered by the Court" and therefore the requirements of 5

---

entry of judgments." (Dkt. No. 279 in 91-212 at 3). It is unclear why the April 8, 1997 entry was placed on the docket, particularly because matters continued in both cases for sixteen more years, and Warlick certainly availed himself of the Court's jurisdiction whenever he sought various types of relief. He cites no support for the novel proposition that a court is divested of jurisdiction to enforce its judgments that have been entered. *See, e.g., Riggs v. Johnson Cnty.*, 73 U.S. (6 Wall.) 166, 187 (1867) (opining that a court retains jurisdiction to enforce its own judgments until the judgment is satisfied).

V.I.C. § 471, governing issuance of writs of execution, are not met. (Dkt. No. 289 in 91-212 at 7-8).[12]

As discussed above, the original Judgment in this matter was issued in 1996 and the Amended Judgment was issued in December 1997 in favor of Hanssen, whose interests were assigned to Solitude. Following the October 1, 2007 sale of the Property, protracted motions practice ensued relating to the deficiency judgment. In the August 17, 2011 Order, the Court calculated the deficiency judgment against Warlick as of August 11, 2011 using the foreclosure sale price. (Dkt. No. 242 at 10). The Writ of Execution which issued on November 19, 2012 cited the deficiency judgment of $604,181.94 contained in the August 17, 2011 Order. It provided that the total due as of November 15, 2012 was $649,749.00. (Dkt. No. 283 in 91-212).

Warlick's Motion to Quash is premised on the argument that because his Rule 59(e) Motion could affect the Court's ruling that Plaintiff is entitled to a deficiency judgment and, if so, how the amount is determined, and the Rule 59(e) Motion had not been resolved, then the Writ of Execution and Praecipe were issued prematurely. In effect, he argues that filing his Rule 59(e) motion should have stayed execution of the deficiency judgment. However, Rule 59(e), by its terms, does not provide for a stay of execution of judgment. If a party wishes to stay

---

[12] Title 5 of the Virgin Islands Code, Section 471, governing writs of execution, provides:

> Subject to the provisions of the Federal Rules of Civil Procedure, the person in whose favor a judgment is given in the district court or the territorial court which requires the payment of money, the delivery of real or personal property, or either of them, may have a writ of execution issued for its enforcement, as provided in this chapter.

5 V.I.C. § 471.

proceedings to enforce a judgment, Fed. R. Civ. P. 62(b) provides the means for doing so.[13] Warlick did not file a motion for a stay or otherwise satisfy the requirements for the grant of a stay. Accordingly, the Court will deny Warlick's Motion to Quash.

## CONCLUSION

Based on the foregoing, Warlick's "Motion to Alter or Amend Judgment Pursuant to Rule 59(e) FRCP and to Dismiss the Case with Prejudice" (Dkt. No. 279 in 91-cv-212), will be denied. Warlick's "Motion to Quash Writ of Execution and for Discharge of Lien" (Dkt. No. 285 in 91-212 and Dkt. No. 95-84), will also be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 31, 2014 _____/s/_____
WILMA A. LEWIS
Chief Judge

---

[13] Rule 62(b) expressly references the possibility of seeking a stay in conjunction with a motion filed pursuant to Rule 59. In deciding whether to grant a stay pursuant to Rule 62(b), a court must consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The burden of establishing whether these four factors have been met lies with the party seeking the stay." *Devon IT, Inc. v. IBM Corp.*, 2013 WL 6721748, at *4 (E.D. Pa. Dec. 30, 2013).